```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
                                                                        :
GS HOLISTIC, LLC,                                                       :
                                                                        :
                               Plaintiff,                               :
                                                                        :
               -v-                                                      :    25 Civ. 4495 (JPC)
                                                                        :
PUR VAPE INC. d/b/a PUR VAPE AND SMOKE SHOP,                            :    ORDER
and MOSHIN MERCHANT,                                                    :
                                                                        :
                               Defendants.                              :
                                                                        :
----------------------------------------------------------------------- X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff GS Holistic, LLC filed the Complaint in this action on May 29, 2025. Dkt. 1. After Defendants repeatedly missed their deadlines to answer the Complaint, *see* Dkts. 11-13, Plaintiff was issued certificates of default, *see* Dkts. 19-24, and moved for default judgment on August 21, 2025, Dkt. 27. Defendants then appeared and answered the Complaint on August 25, 2025. Dkts. 33-35. On September 2, 2015, Plaintiffs responded to an inquiry from the Court by advising that it still seeks a default judgment against Defendants, notwithstanding their answer to the Complaint. Dkt. 39.

Counsel for all parties are hereby ordered to appear before the undersigned for a conference on October 9, 2025, at 2:00 p.m. At this conference, the Court will discuss Plaintiff's pending motion for a default judgment, as well as conduct an initial pretrial conference in accordance with Rule 16 of the Federal Rules of Civil Procedure. Unless the Court orders otherwise, the Court will conduct the conference by teleconference on Webex. At the scheduled time, counsel for all parties should call (855) 244-8681, access code 2302 755 2307.

At the conference, counsel should be prepared to discuss whether an order should be issued granting a default judgment against Defendants given the "strong preference for resolving disputes

on the merits." *New York v. Green*, 410 F.3d 99, 104 (2d Cir. 2005); *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) ("[D]efaults are generally disfavored and are reserved for rare occasions . . . ."); *accord L. Offs. of Sanford F. Young P.C. v. Landow*, No. 19 Civ. 11048 (MKV), 2020 WL 2555253, at *2 (S.D.N.Y. May 20, 2020) ("The recognition that 'default judgment is the most severe sanction which the court may apply' frames the good cause analysis, resulting in a 'strong preference for resolving disputes on the merits.'" (quoting *Green*, 420 F. 3d at 104)); *see also Enron Oil Corp.*, 10 F.3d at 96 ("[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."). Counsel are particularly encouraged to review this Court's decision in *Ramus v. Bruwer*, No. 23 Civ. 1170 (JPC), 2024 WL 1139106 (S.D.N.Y. Mar. 15, 2024).

Counsel are also directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at the conference. No later than seven days prior to the conference, it is further ordered that the parties shall submit a joint letter, not to exceed five (5) pages, addressing the following in separate paragraphs:

(1) A brief statement of the nature of the action and the principal defenses thereto;
(2) A brief explanation of why jurisdiction and venue lie in this Court;
(3) A brief description of all outstanding motions and/or all outstanding requests to file motions;
(4) A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations;
(5) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;
(6) The estimated length of trial; and
(7) Any other information that the parties believe may assist this Court in resolving the action.

By that date, the parties shall also submit to the Court a proposed case management plan and scheduling order, a template of which is available at https://www.nysd.uscourts.gov/hon-john-p-

cronan.

If this case has been settled or otherwise terminated, counsel are not required to submit such letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the joint letter submission deadline, using the appropriate ECF Filing Event.  *See* SDNY ECF Rules & Instructions §§ 13.17-13.20, *available at* https://nysd.uscourts.gov/rules/ecf-related-instructions.  In accordance with the Court's Individual Rules and Practices for Civil Cases, requests for extensions or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours (*i.e.*, two business days) before the deadline or scheduled appearance, absent compelling circumstances.  The written submission must state (1) the original date(s) set for the appearance or deadline(s) and the new date(s) requested; (2) the reason(s) for the request; (3) the number of previous requests for adjournment or extension; (4) whether these previous requests were granted or denied; and (5) whether opposing counsel consents, and, if not, the reasons given by opposing counsel for refusing to consent.

Counsel who have noticed an appearance as of the issuance of this order are directed to notify all other parties' attorneys in this action by serving upon each of them a copy of this order and the Court's Individual Rules (available at the Court's website, https://www.nysd.uscourts.gov/hon-john-p-cronan) forthwith.  If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and Individual Rules to that party personally.

SO ORDERED.

Dated: September 4, 2025
       New York, New York

JOHN P. CRONAN
United States District Judge